IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Monique Taylor
219 Mallow HIll Rd
Baltimore, MD 21229

        Plaintiff

v.

MAXIMUM ASSISTED LIVING, LLC
8410 TerryLee Way
Severn, MD 21144

Serve: Resident Agent
Jessie Singh
8410 TerryLee Way
Severn, Maryland 21144-3003

And

CHANKHOK SINGH
8410 TerryLee Way
Severn, MD 21122

And

MONA SINGH
8410 TerryLee Way
Severn, MD 21122

        Defendants

Case Number: _____

## COMPLAINT

Plaintiff, Monique Taylor ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against the above-captioned Defendants, Maximum Assisted Living, LLC ("Maximum"), Chandouk J. Singh ("Chandhok") and Mona Singh ("Mona")(the latter two defendants are collectively referred to as the "Singhs" and all defendants are collectively referred to as the "Defendants") for violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY.

§§ 3-401., et seq. ("MWHL"), the Maryland Wage Payment and Collection Act, MD. CODE ANN., LABOR & EMPLOY. §§3-501, et seq. ("MWPCA").

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of Baltimore City, Maryland.

2. By participating as named Plaintiff in this action. Plaintiff consents to prosecute claims against Defendants under the FLSA, the MWHL and the MWPCA.

3. Maximum is a Maryland corporation regularly carrying on business in Anne Arudel County MD.

4. The Singhs are citizens and residents of Anne Arundel County, Maryland.

5. At all times relevant to this action the Defendants operated a business in Maryland.

6. Defendants jointly and severally controlled the employment of the Plaintiff at all relevant times and were in charge of the day-to-day operations of Maximum.

7. At all time relevant, Defendants were responsible for maintain the employment records of Maximum pertaining to the Plaintiff.

8. At all times, Defendants were engaged in commerce within the meaning of §3(s)(1) of the FLSA (29 U.S.C. 203(s)(1)).

9. At all times, Defendants were engaged in commerce or the production of goods for commerce as required by 29 U.S.C.

10. The court has jurisdiction over Defendants pursuant to 28 U.S.C. 1331 as this complaint arises under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et sec.* ("FLSA").

11. Venue in this court is proper pursuant to 28 U.S.C. §1931 as all defendants reside in the State of Maryland.

## Facts Common to All Counts

12. Defendants operate assisted living facilities in Maryland.

13. Plaintiff began employment working for Defendants on or about December 29 U.S.C. §§206,207.

14. Plaintiff was employed on December 20, 2014, in the position of care provider in one of the homes in which the Defendants operated.

15. Plaintiff terminated her employment on or about February 26, 2016.

16. Defendants operated the facilities in single family residential homes in each of which several residents lived.

17. Plaintiff's job was to take care of the residents in all respects.

18. Plaintiff was required in the course of her duties to be on-duty at the facilities for approximately 19 hours each day.

## The First Time Period

19. From December 20, 2014 through February 21, 2015 (the "First Time Period"), she was assigned to work a schedule that ran for 12 consecutive days out of each 14 day period – each day consisting of a 19 hours shift that began at 3:30pm in the afternoon on one day and ran until 9:30 am of the next day.

20. Plaintiff's pay during that period of time was a flat rate of $1,000.00 per month.

21. The Plaintiff was paid once a month despite the requirements of the Maryland Wage Payment Act which requires that employees be paid at least twice per month.

22. The average hourly rate of pay given the hours worked was approximately $2.00

3

per hour, well below the applicable minimum wage of $8.25.

23.     During the First Time Period, Plaintiff worked 19 hours a day – compiling 912 hours during the 8 weeks of the First Time Period. For her efforts she was paid $2,000.00.

24.     The Plaintiff was paid approximately $2.19 for each hour during this period.

25.     Plaintiff is owed $6.38 for each of the 320 regular time hours that occurred during the First Time Period – totaling $2,041.00.

26.     Plaintiff is owed $6.38 plus overtime ($4.13 per hour) for each of the 592 overtime hours that she worked in the First Time Period – totaling $6,221.92.

## The Second Time Period

27.     From February 21, 2015 to June 20, 2015 (the "Second Time Period"), Plaintiff worked a schedule that included no full days off – and was permitted to leave the premises only to go to Church every other Sunday for a few hours.

28.     During the Second Time Period, Plaintiff worked 19 hours a day for 199 days straight– compiling 2,261 hours.

29.     During that time the Plaintiff was paid $5,000.00, which averaged $2.21 per hour.

30.     The Plaintiff is owed $6.36 for each of the 680 regular time hours she worked during that Second Time Period – totaling $4,324.80.

31.     The Plaintiff is owed $6.36 plus overtime ($4.13 per hour) for each of the 1,581 hours of overtime during the Second Time Period – totaling $16,584.69.

## The Third Time Period

32.     From June 21, 2015, until February 25, 2016 (the "Third Time Period") Plaintiff was paid $600.00 per month on a reduced "part-time" schedule.

33. During the "part-time" schedule of the Third Time Period, the Plaintiff worked a schedule that started at 3:30 pm on Monday, Tuesday, Wednesday and Thursday. Each shift ended at 9:30 am the following morning – i.e. 19 hour shifts, 4 days per week. Incredibly, the "part-time" schedule amounted to almost literally double a normal full-time schedule of work!

34. The Plaintiff worked a total of 2,714.3 hours under this schedule, including 1,429 regular time hours and 1,286 overtime hours.

35. The Plaintiff was paid a total of $4,800.00 for her work during the Third Time Period. This equates to $1.76 per hour.

36. Plaintiff is owed $6.49 per hour for each of the 1,429 regular time hours that she worked during this time period – totaling $9,274.21.

37. Plaintiff is owed $6.49 per hour plus overtime ($4.13/hour) for each of the 1,286 overtime hours she worked during the Third Time Period – totaling $13,657.32.

### Additional Facts

38. On information and belief the Defendants' gross revenues exceeded $500,000.00 during the Plaintiff's employment and thus Defendants qualifies as an "enterprise within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

39. At all times during Plaintiff's employment, the Plaintiff was an employee who, while engaged in employment duties, handled, sold and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §1206-207.

40. On information and belief, the Defendants failed to keep and maintain records of the wage and hours data pertaining to Plaintiff as required by state and federal law.

41. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employer" for purposes for all relevant purposes.

42. At all times during Plaintiff's employment Defendants directly supervised and controlled the Plaintiff.

43. At all times during Plaintiff's employment Defendants had the power to hire, fire, suspend and otherwise discipline Plaintiff.

44. At all times during the during the Plaintiff's employment, Defendants were responsible for supervising the Plaintiff's work duties to ensure work was meeting expectations.

45. At all times during the period of Plaintiff's employment Defendants set and controlled or had the power to set and control the Plaintiff's work schedules and rates of pay.

46. Plaintiff was not an "exempt" employee under the FLSA, the MWHL, or the MWPCA.

47. Defendants' failure to pay Plaintiff, as required by the FLSA the MWHL, and the MWPCA, was willful and intentional and not the result of any bona fide dispute.

48. Defendants failed to pay wages as and when due.

49. Defendants failed to pay overtime.

## COUNT I
### Violation of Federal
### Fair Labor Standards Act (minimum wage/overtime)

50. Plaintiff re-alleges each and every allegation set forth above as if each were set forth herein.

51. The FLSA mandates that an employer must pay employees for each and every hour worked and that payment must be made as and when due.

52. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. §

207(a)(l), and Defendants were Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

53. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the regular agreed rate for all hours worked.

54. As set forth above, Defendants had knowledge and suffered, required and/or or permitted Plaintiff to work hours without pay.

55. As set forth above, Defendants failed and refused to pay for all hours worked.

56. As set forth above, Defendants failed and refused to pay 1.5 times regular rate for all hours worked over 40 hours per week.

57. Defendants' failure and refusal to pay the Plaintiff was willful and intentional and was not in good faith.

58. Defendants failed to pay the minimum wage or the regular wage or overtime.

WHEREFORE, Defendants are liable to Plaintiff under Count I for the amount of $52,104.86, plus all other unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage & Hour Law (minimum wage/overtime)

59. Plaintiff re-alleges each and every allegation set forth in the paragraphs above as if each were set forth herein.

60. Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of the MWHL. As "employers," Defendants were obligated to pay compensation for all hours worked "as and when due" under MWHL at the minimum wage.

61. Plaintiff performed work duties as described above.

7

62. Defendants failed to pay any wages.

63. Defendants failed to pay minimum wage or the agreed wage.

64. As set forth above, Defendants failed and refused to pay 1.5 times regular rate for all hours worked over 40 hours per week.

65. At all relevant times, Defendants knew that Plaintiff had been required to work without pay in violation of law.

66. Defendants, as Plaintiff's employer, was obligated to compensate Plaintiff for all hours worked and pay at least the minimum wage and to pay 1.5 times the regular rate for all hours over 40 per week.

67. As discussed supra, Defendants had actual and/or constructive knowledge of all hours worked by Plaintiff and nonetheless failed to pay for such time at minimum or the agreed wage.

WHEREFORE, Defendants are liable to Plaintiff under Count II for the amount of $52,104.86, plus all other unpaid wages in such amounts as are proven at trial, plus liquidated damages in amount equal to two times the total amount of unpaid wages, plus interest (both pre- and post-judgment), plus compensatory damages for lost wages, punitive damages and reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
### Maryland Wage Payment Collection Act (Unpaid Wages)

68. Plaintiff re-alleges each and every allegation set forth in the paragraphs above as if each were set forth herein.

69. Plaintiff was an "employee" of the Defendants pursuant to MD. CODE ANN.

LABOR & EMPLOY §3-504 and §3-502.

70. Defendants were obligated to pay to Plaintiff all wages as and when due for her work performed.

71. Defendants failed to pay wages as and when due.

72. Defendant failed to pay the correct amount of wages earned.

73. Defendant failed to pay wages at least twice per month.

74. Defendants' failure and refusal to pay wages as and when due was not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for the amount of $52,104.86, plus all other unpaid wages in such amounts as are proven at trial, plus liquidated damages in amount equal to two times the total amount of unpaid wages, plus interest (both pre- and post-judgment), plus compensatory damages for lost wages, punitive damages and reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

        Respectfully submitted,
        HOLZMAN LAW FIRM, LLC

BY: *Lawrence R. Holzman via ECF*
     Lawrence R. Holzman, Esquire (#10751)
     6404 Ivy Lane, Suite 650
     Greenbelt, MD 20770
     (301) 876-4393
     Attorney for Plaintiff

## JURY DEMAND

The Plaintiff demands a trial by jury as to all issues so triable.

        *Lawrence R. Holzman via ECF*
        Lawrence R. Holzman

## PLAINTIFF'S CONSENT AND VERIFICATION:

I consent to proceed in this matter as set forth above pursuant to Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-401., et seq. ("MWHL"), and the Maryland Wage Payment and Collection Act, MD. CODE ANN., LABOR & EMPLOY. §§3-501, et seq. ("MWPCA").

*Monique Taylor*

I SOLEMNLY SWEAR AND AFFIRM UNDER PENALTY OF PERJURY THAT TO THE BEST OF MY KNOWLEDGE INFORMATION AND BELIEF THE FACTS SET FOR THE IN THE FOREGOING COMPLAINT ARE TRUE AND CORRECT.

*Monique Taylor*